2007 OK CR 36

**Brenda Evers ANDREW, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. D–2004–1010.**

Court of Criminal Appeals of Oklahoma.

Sept. 10, 2007.

---

8. *Wackerly v. State*, 2000 OK CR 15, 12 P.3d 1, 9; *Nix v. Williams*, 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984).

### ORDER DENYING APPELLANT'S MOTION FOR REHEARING, BUT ORDERING THAT THE OPINION BE CORRECTED AND *DENYING MOTION TO RECALL THE MANDATE*

¶ 1 Appellant, Brenda Evers Andrew, through counsel, has filed a Petition for Rehearing pursuant to Rule 3.14, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2007). Appellant seeks reconsideration of this Court's opinion handed down on June 21, 2007, affirming her conviction and death sentence in Oklahoma County District Court Case Number CF–2001–6189. *Andrew v. State*, 2007 OK CR 23, 164 P.3d 176. A petition for rehearing shall only be filed for the following reasons:

(1) Some question decisive of the case and duly submitted by the attorney of record has been overlooked by the Court, or

(2) The decision is in conflict with an express statute or controlling decision to which the attention of this Court was not called either in the brief or in oral argument.

Rule 3.14(B). Having examined the Motion for Rehearing and being fully advised in the premises, this Court finds that Appellant's Motion for Rehearing meets neither of the above criteria.

¶ 2 Appellant points out that she might be entitled to habeas relief in the federal system if findings of fact are not supported by the record or when a decision "was based ·on an unreasonable determination of facts in light of the evidence." Appellant first claims that this Court failed to fully address issues raised in a motion for new trial. In our original Opinion we determined that the newly discovered evidence would not have changed the outcome of this case. *Andrew*, 2007 OK CR 23, ¶¶ 145–146, 164 P.3d 176. Therefore, grounds for rehearing do not exist on this issue. She next claims that issues raised in her application for an evidentiary hearing were not addressed. We disagree. This issue was fully discussed in the Opinion at ¶ 102. Because this issue was not overlooked, it does not provide the basis for rehearing.

¶ 3 Next, Appellant claims that this Court made assertions of facts in the Opinion which are not sufficiently supported by the record. Her first assertions concern the link between Appellant and the "brake line" incident one month prior to the murder of Rob Andrew, especially a conversation between Jenna Larson and Appellant on the date of the incident concerning calls between Larson and Rob Andrew. The facts set forth in the Opinion regarding the brake line incident are reasonable conclusions based on the evidence presented at trial. Evidence tending to show that Appellant was involved in the brake line incident was used to support the conspiracy charge and to tie Appellant to the murder. *See Andrew*, 2007 OK CR 23, ¶ 48, 164 P.3d 176. Appellant's conversation with Jenna Larson at the bank about unspecified conversations between her and Rob Andrew on the day of the incident was not the linchpin forming the nexus between Appellant and the brake line incident, as Appellant asserts. *Id.* ¶¶ 13, 45–46.

¶ 4 Appellant points out that this Court asserted that the children's bags were not packed for their planned Thanksgiving weekend trip with their father, the victim Rob Andrew, when he arrived on the evening before Thanksgiving—the evening he was murdered. Appellant claims that this assertion is not based on the evidence presented.

We find that Appellant's claim is true. In the co-defendant's case, *Pavatt v. State*, 159 P.3d 272, 277, 2007 OK CR 19, ¶ 5, this Court made the same assertion; however, the evidence presented in Appellant's case was presented differently. The State did not provide substantial proof that the children were not packed for their planned trip with their father. Therefore, we shall order that the Opinion be corrected. The last line of ¶ 6 shall be corrected to read:

> The Andrew children were found in a bedroom, watching television with the volume turned up very high, oblivious to what had happened in the garage.

■ ¶ 5 We find that the State did not rely on any facts regarding whether or not Appellant's children were packed for their Thanksgiving trip for Appellant's conviction, and consequently this misstatement had no bearing on the Court's determination of this case. Therefore, a correction order is appropriate. *See Mayes v. State*, 1994 OK CR 44, ¶ 3, 887 P.2d 1288, 1325 (order denying rehearing and directing issuance of mandate and correction order).

¶ 6 The final fact Appellant claims is not supported by the record is this Court's conclusion that the wound to Appellant was evidence of staging. We disagree. A reasonable conclusion based on the overall evidence presented at trial was that Appellant participated in the staging.

¶ 7 We conclude that Appellant has failed to show that our Opinion in this case conflicts with current case law or an express statute; and she has not presented this Court with some question decisive of the case that has been submitted by the attorney of record and overlooked by this Court. Those are the sole grounds upon which rehearing can be based. *See* Rule 3.14(B)(1) & (2), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2007).

¶ 8 **THEREFORE BY ORDER OF THIS COURT,** the Motion for Rehearing is **DENIED.** However, we order that the Opinion be corrected as set forth above. No further relief is required and Appellant's motion to have the mandate recalled is **DENIED.**

¶ 9 **IT IS SO ORDERED.**

¶ 10 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 10th day of September, 2007.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David B. Lewis
DAVID B. LEWIS, Judge